UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISON

United States of America,

    Plaintiff,

v.

Pedro Andres Kobasic

    Defendant

_____/

Case No. 2:10-cr-00020-RHB

Hon. Robert Holmes Bell
United States District Court Judge

Maarten Vermaat
Assistant United States Attorney
1930 US41 West
Marquette, MI 49855
(906)226-2500

Andrew G. Griffin
Attorney for Defendant
221 W. Washington St.
Marquette, MI 49855
(906)226-1185

## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

The Defendant, Pedro Andres Kobasic, through his attorney, Andrew G. Griffin, hereby respectfully moves this Court to Suppress certain evidence in this case. In support of this motion, the Defense states:

1. Pedro Andres Kobasic is charged by indictment with a single count of conspiracy to distribute and possess with intent to distribute marijuana. He was arraigned on the count on July 20, 2010, in front of the Honorable Timothy P. Greeley, where he stood mute and had a plea of not guilty entered on his behalf.

2. The indictment alleges that he, along with two other named defendants, "knowingly and intentionally combined, conspired, confederated, and agreed with each other, and others, known and unknown, to distribute and possess with intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule 1 controlled substance."

3. The government has indicated that they intend to present evidence derived from a February 1, 2007 traffic stop in Green Bay, Wisconsin, wherein Mr. Kobasic was the passenger in a vehicle that was stopped for having no license plate mounted on the front of the vehicle. Upon identification of the driver, the officers discovered he had open warrants and placed him under arrest and detained him.

4. After the driver was arrested, officers asked Mr. Kobasic to step out of the vehicle. Once out of the vehicle, they asked him if he had anything illegal on him, to which he responded that he had a handgun on his person. Officers then arrested and detained Mr. Kobasic.

5. After the arrest and detention of the driver and Mr. Kobasic, the officers proceeded to search the entire vehicle through a search incident to arrest. During that warrantless search of the vehicle, officers found and seized "a large amount of U.S. Currency in various locations" and "numerous documents including two notebooks which contained ledgers."

6. Subsequent to that search, the officers transported Mr. Kobasic to their station and conducted a custodial interrogation. Statements were made by Mr. Kobasic to the officers at this interrogation.

7. Based upon these facts and the Brief in Support attached below, the Defense respectfully requests that the Court suppress all evidence seized and derived from the illegal and unconstitutional search of the vehicle.

Very Respectfully,

Date: 9-30-10

Andrew G. Griffin
Attorney for Pedro Andres Kobasic

## BRIEF IN SUPPORT

In 2009, the Supreme Court held that Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or if it is reasonable to believe the vehicle contains evidence of the offense of arrest.

That decision, *Arizona* v. *Gant*, 556 U.S. ___, 129 S. Ct. 1710 (2009), has emphatically limited the justification for an officer's search of a vehicle without a warrant.

As the Court summarized:

> "After Rodney Gant was arrested for driving with a suspended license, handcuffed, and locked in the back of a patrol car, police officers searched his car and discovered cocaine in the pocket of a jacket on the backseat. Because Gant could not have accessed his car to retrieve weapons or evidence at the time of the search, the Arizona Supreme Court held that the search-incident-to-arrest exception to the Fourth Amendment's warrant requirement, as defined in *Chimel* v. *California*, 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969), and applied to vehicle searches in *New York* v. *Belton*, 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981), did not justify the search in this case. We agree with that conclusion.
>
> Under *Chimel*, police may search incident to arrest only the space within an arrestee's "'immediate control,'" meaning "the area from within which he might gain possession of a weapon or destructible evidence." 395 U.S., at 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685. The safety and evidentiary justifications underlying *Chimel*'s reaching-distance rule determine *Belton*'s scope. Accordingly, we hold that *Belton* does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle. Consistent with the holding in *Thornton* v. *United States*, 541 U.S. 615, 124 S. Ct. 2127, 158 L. Ed. 2d 905 (2004), and following the suggestion in JUSTICE SCALIA's opinion concurring in the judgment in that case, *id.*, at 632, 124 S. Ct. 2127, 158 L. Ed. 2d 905, we also conclude that circumstances unique to the automobile context justify a search incident to arrest when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle."

*Gant*, 129 S. Ct. 1710, 1714.

## FACTUAL BACKGROUND OF *GANT*

The defendant in *Gant* was arrested and placed into the back of a patrol car because he had an outstanding warrant for a driving with a suspended license. After the defendant was placed into the back of the patrol car, the officers proceeded to search his vehicle. They found drugs and a weapon, which led to the defendant being charged. The defendant appealed on the grounds that because the scene was secure and the arrest was for an outstanding warrant, a warrantless search of the defendant's car could not be

justified as necessary to protect the officers at the scene or to prevent the destruction of evidence.

## ANALYSIS OF *GANT*

In overturning years of cases allowing these types of searches, the Supreme Court held that:

> "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of the arrest. When these justifications are absent, a search of the arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies." *Id.* at 1723-24.

Applying this rule to the *Gant* defendant, the Court noted that "lower court decisions seem now to treat the ability to search a vehicle incident to the arrest of a recent occupant as a police entitlement rather than as an exception." *Id.* at 1718. Viewing the factual allegations against the defendant, the Court found that "[b]ecause police could not reasonably have believed either that Gant could have accessed his car at the time of the search or that evidence of the offense for which he was arrested might have been found therein, the search in this case was unreasonable." *Id.* at 1719.

## THE SIXTH CIRCUIT ON GANT

Within a few months of the *Gant* decision, the Sixth Circuit Court of Appeals applied the holding of *Gant* retroactively to a search that took place in 2006. *See U. S. v.*

*Lopez*, 567 F.3d 755 (6th Cir. 2009). In that case, the Court pointed out that the search took place prior to the holding of *Gant* but that "the Supreme Court has since changed the law." *Id.*, at 757. The Court suppressed the evidence from the search in that case, because the defendant was already in custody away from the vehicle, and because "[t]here was no reason to think that the vehicle contained evidence of the offense of arrest, since that offense was reckless driving. The search of Lopez's vehicle, therefore, violated the Fourth Amendment as interpreted in Gant." *Id.*, at 758.

## APPLICATION OF *GANT* & *LOPEZ* TO THE CURRENT CASE

In the current case, the vehicle was searched without a warrant and without permission after the Defendant was arrested for carrying a concealed weapon. Mr. Kobasic and the driver of the vehicle were both in custody and away from the vehicle at the time of the search. Therefore, they were not within reaching distance of the vehicle's passenger compartment and there was no risk to the officers' safety.

As to the preservation of evidence, Mr. Kobasic was arrested for carrying a concealed weapon, which is a class A misdemeanor under Wisconsin law. *See* Wis. Stat. § 941.23. The driver of the car was stopped for a traffic violation and was arrested due to existing warrants that were discovered once the officers ran his name for a warrant check. There was no justification for the search of the car at that point because it was not reasonable to think there would be any evidence discovered related to the crime of arrest of Mr. Kobasic, carrying a concealed weapon, as they had already seized the weapon that

had been concealed. At that point, the officers were simply treating the search as an entitlement, rather than an exception, and the search was unreasonable. Because of this, the search of the vehicle was a violation of Mr. Kobasic's Fourth Amendment Rights under Federal law and applicable to states by way of the Due Process Clause of the Fourteenth Amendment. All evidence derived from that search should therefore be suppressed and not be admissible by the government against Mr. Kobasic.

Very Respectfully Submitted,

Date: 9-30-10

Andrew G. Griffin
Attorney for Pedro Andres Kobasic